**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WILLIAM AUTRY,<br>        Appellant, | DOCKET NUMBER<br>PH-0752-18-0331-I-2 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE: May 31, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun Yancey, Atlanta, Georgia, for the appellant.

David Peter Blackwood, Columbia, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal pursuant to 5 U.S.C. chapter 75 for conduct unbecoming a Federal employee.[2]  Generally, we grant petitions such as this one only in the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2]  The agency charged the appellant with both conduct unbecoming a Federal employee and lack of candor; however, the administrative judge found that the agency failed to prove the latter charge by preponderant evidence.  *Autry v. Department of the Army*, MSPB Docket No. PH-0752-18-0331-I-2, Appeal File, Tab 13, Initial Decision at 19.

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the analysis of the appellant's affirmative defenses of retaliation for engaging in protected equal employment opportunity (EEO) activity and disparate treatment disability discrimination, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant argues that the administrative judge failed to properly resolve witness credibility issues. Petition for Review (PFR) File, Tab 1 at 17-23. We find that the administrative judge conducted a proper analysis of the credibility of the testifying witnesses and properly weighed the totality of the testimonial and documentary evidence. *Autry v. Department of the Army*, MSPB Docket No. PH-0752-18-0331-I-2, Appeal File, Tab 13, Initial Decision (ID) at 13-17; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). The appellant's arguments on review, which amount to mere disagreement with the administrative judge's findings, do not provide a sufficiently sound basis for reversal. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987). Moreover, his general disagreement with

the administrative judge's demeanor-based credibility findings does not provide a reason to disturb the initial decision. ID at 13-14; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing).

The appellant also contends that the administrative judge abused his discretion by disallowing evidence of a text message allegedly sent to the appellant.[3] PFR File, Tab 1 at 27. However, we discern no basis to disrupt the administrative judge's reasoned conclusion that the subject evidence was both untimely submitted and of little probative value. ID at 15 n.4; *see Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011) (explaining that the administrative judge has broad discretion to regulate the course of the hearing and to exclude evidence and witnesses that have not been shown to be relevant, material, and nonrepetitious).

The appellant further asserts that the agency failed to establish a nexus between his conduct and the efficiency of the service. PFR File, Tab 1 at 23-25. We disagree. The administrative judge found credible the undisputed testimony of the deciding official, who averred that, in light of the appellant's job duties and the nature of his misconduct, he lost trust in the appellant's ability to continue to perform in his position. ID at 29-30; *see Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987) (explaining that an agency may establish nexus by showing by preponderant evidence that an appellant's off-duty misconduct adversely affected the agency's trust and confidence in his job performance). We find no basis to disturb the administrative judge's credibility

---

[3] The appellant further alleges that the administrative judge erroneously relied on a public records search; however, because the basis of this allegation is unclear, we discern no reason to disturb the initial decision. PFR File, Tab 1 at 28; *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record).

determination. *See Haebe*, 288 F.3d at 1301. We further find that the administrative judge properly found that, through this evidence, the agency established a nexus between the appellant's misconduct and the efficiency of the service. ID at 29; *see Scheffler v. Department of Army*, 117 M.S.P.R. 499, ¶ 13 (2012) (finding the deciding official's unrebutted testimony that the appellant's off-duty conduct shattered her trust in him and eliminated her faith in his judgment sufficient to establish nexus), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013).

Last, the appellant argues that the administrative judge erroneously applied the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). PFR File, Tab 1 at 25-27. To this end, he asserts that the administrative judge should have mitigated the penalty because he sustained only one of the two charges.[4] *Id.* at 25-26. When an agency fails to prove all of its charges, if the agency does not indicate that it desires a lesser penalty to be imposed on fewer charges, the Board may mitigate to the maximum reasonable penalty if a careful balancing of the mitigating factors warrants, or the Board may impose the same penalty imposed by the agency based on justification of that penalty as the maximum reasonable penalty after balancing those factors. *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999); *Byers v. Department of Veterans Affairs*, 89 M.S.P.R. 655, ¶ 20 (2001). Here, the administrative judge explained that the agency did not indicate that it desired a lesser penalty based on the sole sustained charge. ID at 31. He then considered the *Douglas* factors, including mitigating factors such as the appellant's lack of prior discipline and

---

[4] The appellant also contends that the administrative judge should have merged specifications 3 and 4 of the charge of conduct unbecoming a Federal employee and mitigated the penalty because these specifications "involved the same misconduct on the same day." PFR File, Tab 1 at 25. We find this contention unavailing. To this end, the specifications at issue relate to two distinct acts of indecency. *Autry v. Department of the Army*, MSPB Docket No. PH-0752-18-0331-I-1, Initial Appeal File, Tab 8 at 102. Nevertheless, these specifications were used to support only one charge of conduct unbecoming a Federal employee; thus, the doctrine of merger is inapposite to this appeal. *See generally Mann v. Department of Health and Human Services*, 78 M.S.P.R. 1, 6-7 (1998).

good work performance, but he nonetheless concluded that the agency's selected penalty did not exceed the maximum reasonable penalty. ID at 31-34. To this end, he reasoned that the appellant's conduct was highly improper, repeated, and became known outside the agency. ID at 33-34. We discern no basis to disrupt his conclusion that removal was warranted under the circumstances. *See Alexander v. U.S. Postal Service*, 67 M.S.P.R. 183, 186-87, 191 (1995) (finding the appellant's removal appropriate where he exhibited a pattern of behavior involving both sexual harassment and exhibitionism).

Although the appellant does not challenge the administrative judge's analysis of his affirmative defenses of reprisal for protected EEO activity and disparate treatment disability discrimination, we modify the initial decision to clarify the proper legal standards for analyzing these claims. Regarding the appellant's retaliation claim, the administrative judge found that the appellant did not prove that retaliation was a motivating factor in his removal. ID at 20-23. However, the appellant's claim of retaliation arises under the Rehabilitation Act. After the initial decision was issued, the Board held that to prove such a claim, an appellant must show that retaliation was a but-for cause of the action under appeal. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 46-47. Nevertheless, because the appellant did not prove motivating factor causation he necessarily did not prove but-for causation.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.